JULIAN FOGLE AND MAE FOGLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fogle v. Commissioner
Docket No. 2206-90
United States Tax Court
T.C. Memo 1992-412; 1992 Tax Ct. Memo LEXIS 430; 64 T.C.M. (CCH) 242; July 20, 1992, Filed *430 Decision will be entered under Rule 155. Held: An amount received in settlement of a claim of race discrimination made pursuant to title VII of the Civil Rights Act of 1964 is not excludable from gross income pursuant to sec. 104(a)(2), I.R.C., as an amount received on account of personal injury. United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). For Petitioners: Ralph J. Grant. For Respondent: Michael E. Melone. HALPERN
HALPERN
MEMORANDUM OPINION HALPERN, Judge: Respondent has determined a deficiency of $ 17,427 in petitioners' Federal income tax for 1986, together with additions to tax under sections 6653(a) and 6661.[1] Certain items having been agreed to between the parties, the only item remaining for decision is whether petitioners must include in gross income certain amounts received in settlement of administrative complaints brought against the United States General Accounting Office (petitioner Julian Fogle's employer) pursuant to title VII of the Civil Rights Act of 1964 (title VII), Pub. L. 88-352, 78 Stat. 253, as amended, 42 U.S.C. section 2000e (1988), [2] and alleging race discrimination. We hold that such amounts must be included *431 in gross income, and are not excludable pursuant to section 104(a)(2), as damages received on account of personal injury. See United States v. Burke, 504 U.S.    , 112 S. Ct. 1867 (1992). The parties have submitted this case fully stipulated. The stipulation of facts filed by the parties and attached exhibits are incorporated herein by this reference. Petitioners are husband and wife. At the time of filing their petition, petitioners resided in Richmond, California. When *432 used in the singular, the term "petitioner" refers to petitioner husband, Julian Fogle. Petitioner commenced employment with the United States General Accounting Office (GAO) in 1967. In February 1980, as class agent and complainant, petitioner made an administrative class complaint against GAO (the complaint or the class action), alleging that GAO discriminated on the basis of race and color. Petitioner made the complaint under title VII, pursuant to 29 C.F.R. section 1613.603 (1991). Eventually, petitioner withdrew all class claims for relief made in the complaint except the claim of discrimination in promotions and methods of promotion of GAO employees. In July 1985, in settlement of both the complaint brought by petitioner and a similar class complaint brought by another, GAO entered into a single "Settlement Agreement" (the Agreement). Pursuant to the Agreement, GAO agreed to pay $ 3.5 million to the members of both classes in settlement of all monetary claims against GAO. GAO made payments to individual class members according to formulae taking into account differences in the severity of the disadvantage that class members at different grade levels suffered under the *433 promotion system used by GAO. Under those formulae, petitioner received $ 19,868 from GAO as a class member and $ 40,000 as class agent. Title VII makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin". 42 U.S.C. sec. 2000e-2(a)(1). If a court finds that the employer has engaged in an unlawful employment practice, it may enjoin the practice and "order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without backpay * * * or any other equitable relief as the court deems appropriate." 42 U.S.C. sec. 2000e-5(g). Section 104(a)(2) provides an exclusion from gross income for "the amount of any damages received * * * on account of personal injuries or sickness". Sec. 104(a)(2). Section 1.104-1(c), Income Tax Regs., defines "damages received" as "an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in *434 lieu of such prosecution." The Supreme Court recently has ruled on the taxability of awards under title VII. United States v. Burke, 504 U.S.     112 S. Ct. 1867 (1992). Reasoning that "one of the hallmarks of traditional tort liability is the availability of a broad range of damages to compensate the plaintiff 'fairly for injuries caused by the violation of his legal rights,'" the Court found that title VII, which limits available remedies to backpay, injunctions, and other equitable relief, does not redress a tort-like personal injury within the meaning of section 104(a)(2). United States v. Burke, 112 S. Ct. at 1871 (quoting Carey v. Piphus, 435 U.S. 247, 257 (1978)). Thus, awards of backpay received in settlement of a title VII action are not eligible for exclusion under section 104(a)(2). The $ 19,868 payment received by petitioner under the Agreement in his capacity as a class member is governed by the rationale of United States v. Burke, supra. That payment was based on GAO's past discrimination and compensated petitioner for the disadvantage that, as a class member, he had suffered *435 under GAO's promotion procedures. On brief, petitioners argue that no distinction should be drawn between the $ 19,868 received by petitioner as a class member and the $ 40,000 received by him as a class agent. Both payments, argue petitioners, were made in settlement of the title VII complaint and are excludable pursuant to section 104(a)(2). Accepting, arguendo, petitioners' contention that the class agent payment is to be taxed the same as the class member payment, we hold that amount is ineligible for exclusion from gross income pursuant to section 104(a)(2). United States v. Burke, supra.
Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071, amended title VII in significant respects. Petitioners do not contend that these amendments apply to this case. We, therefore, consider the law as it existed prior to Nov. 21, 1991, the effective date of the 1991 Act. All references are to the pre-1991 title VII.↩